NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARLA S., *Appellant.*

No. 1 CA-MH 15-0058

FILED 1-14-2016

Appeal from the Superior Court in Mohave County
No. MH-2015-00033
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Dolores H. Milkie
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Eric Devany
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1　　　　After conducting an evidentiary hearing, the superior court found by clear and convincing evidence that Appellant was, as a result of a mental disorder, persistently or acutely disabled, in need of psychiatric treatment, and unwilling or unable to accept voluntary treatment. *See generally* Ariz. Rev. Stat. ("A.R.S.") § 36-501(31) (Supp. 2014). Accordingly, the court ordered Appellant to undergo a combination of inpatient and outpatient treatment ("treatment order").

¶2　　　　On appeal, Appellant argues we should vacate the treatment order, challenging the sufficiency of the evidence. The treatment order is, however, supported by substantial evidence. *See generally Matter of Mental Health Case No. MH 94-00592*, 182 Ariz. 440, 443-46, 897 P.2d 742, 745-48 (App. 1995) (reviewing court will uphold treatment order if supported by substantial evidence and will set aside superior court's findings of fact only if "clearly erroneous or unsupported by any credible evidence").

¶3　　　　At the hearing, one of the two physicians who evaluated Appellant testified she was suffering from a mental disorder, "psychotic disorder NOS." She explained Appellant exhibited "active delusions," "delusional psychosis," and a "pretty disorganized" thought process. This physician further testified that although Appellant had not exhibited any behavior that would suggest she was suicidal, her "active delusions" and her actions on those delusions could place her in a dangerous situation. The other evaluating physician also diagnosed Appellant as suffering from "psychotic disorder NOS."[1] This physician described Appellant as "extremely paranoid," suffering from "paranoid delusions," and explained she did not have "the ability to differentiate between what is real and what is not real."

---

[1]The parties stipulated to the admissibility of this physician's affidavit in support of the petition for court ordered treatment in lieu of his appearance at the hearing.

**¶4** Both physicians testified Appellant lacked insight into her mental illness and was unable to make an informed decision regarding her need for treatment. And, both physicians explained there was a reasonable prospect of treating Appellant's mental disorder through a combination of inpatient and outpatient treatment. Finally, both physicians expressed their opinions to a reasonable degree of medical certainty or probability that Appellant's mental disorder caused her to be persistently or acutely disabled as that term is defined under A.R.S. § 36-501(31). And, although they did not describe their opinions in those terms, their failure to use those terms did not render their opinions speculative or otherwise legally inadequate. *See In re M.H. 2007-001236*, 220 Ariz. 160, 169-70, ¶ 30, 204 P.3d 418, 427-28 (App. 2008) (expert's failure to use "magic word or phrase such as probability is not determinative") (citation omitted).

**¶5** The two acquaintance witnesses who testified at the hearing further substantiated Appellant's delusional behavior. One witness described Appellant's thoughts as "grandiose in nature, such as great accomplishments . . . mostly around a murder of a child," while the other witness described Appellant as having a "flight of ideas," such as identifying herself as a military officer.

**¶6** This evidence and the additional evidence presented to the superior court at the hearing, including Appellant's own testimony that reflected her delusional and psychotic mental state, amply supported the superior court's findings that Appellant was, as a result of a mental disorder, persistently or acutely disabled, in need of psychiatric treatment, and unwilling or unable to accept voluntary treatment. We therefore affirm the superior court's treatment order.

